■ LUCILLE ROMANO, Appellant, v FREDERICK MARKS, M.D., P. C., et al., Respondents, et al., Defendant. [647 NYS2d 272] —In an action to recover damages for medical malpractice, the plaintiff appeals from a judgment of the Supreme Court, Kings County (Spodek, J.), entered February 17, 1995, which (1) upon a jury verdict in favor of the defendants Frederick Marks, M.D., P. C., and Frederick Marks, M.D., dismissed the complaint insofar as asserted against them, and (2) upon an order of the same court granting the motion of the defendant Staten Island Hospital to dismiss the complaint insofar as asserted against it for failure to establish a prima facie case, made at the close of the plaintiff's case and renewed at the close of trial, dismissed the complaint insofar as asserted against that defendant.

Ordered that the judgment is affirmed, with one bill of costs to the respondents appearing separately and filing separate briefs.

The plaintiff, who sustained a disfigurement following a cosmetic plastic surgical lifting technique, brought this medical malpractice action against the surgeon and his professional corporation as well as the hospital in which the surgery was performed. The plaintiff claimed, among other things, lack of informed consent and a failure to properly supervise and facilitate bed rest after the surgery. The court dismissed the claim against the hospital and submitted the claims against the surgeon to the jury, which found in favor of the surgeon.

The trial court correctly dismissed the complaint insofar as it was asserted against the hospital. The plaintiff failed to establish a prima facie case of malpractice on the part of the hospital staff for failing to keep her in bed during the 24 hours after the surgery. The plaintiff admitted at trial that she was aware of the surgeon's instructions that she remain in bed during that time period, and, disregarding those instructions, arose from the bed herself to use a lavatory. Moreover, the plaintiff's expert testified that it was his opinion that the premature ambulation of the plaintiff was not a proximate cause of her disfigurement.

The plaintiff's contention that there is "no valid line of reasoning and permissible inferences" which could have led to the verdict (Cohen v Hallmark Cards, 45 NY2d 493, 499) with regard to informed consent for the cosmetic lifting procedure is without merit. The surgeon presented the testimony of two experts who stated that it was their opinion that the information provided to the plaintiff was consistent with good and accepted standards of medical care. There was evidence at trial

establishing that the plaintiff opted for these procedures against the surgeon's repeated advice, that the surgeon had shown the plaintiff graphic pictures of scarring that could occur, and that he told her that such scarring would not be "a good trade off" for improved firmness of the plaintiff's tissue. While the degree of the disfigurement suffered by the plaintiff as a result of unpredictable scarring was not predicted by the surgeon, there was testimony at trial to establish that the surgeon had advised her of the nature of all the risks of this procedure, and performed the procedure only at the insistence of the plaintiff.

We have reviewed the plaintiff's remaining contentions and find no basis for reversal. Bracken, J. P., Pizzuto, Krausman and Goldstein, JJ., concur.